UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
UNITED STATES OF AMERICA,

       - against -

SONNY LASQUITE,

          Defendant.
--------------------------------------X

**MEMORANDUM AND ORDER**

14 Cr. 522 (NRB)
25 Civ. 10385 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Petitioner Sonny Lasquite ("Lasquite" or "petitioner") moves pursuant to 28 U.S.C. § 2255(a) to vacate his guilty plea entered on September 4, 2013, and his subsequent conviction.  ECF Nos. 50 ("2(B) Letter"), 50-1 ("Mot.").  Lasquite, who is currently being held in immigration detention in Georgia, is scheduled to be deported from the United States on January 8, 2026.  He alleges that he received ineffective assistance of counsel because his original attorney failed to advise him of the immigration consequences of his 2013 plea.

## Background

Lasquite was indicted on March 5, 2013 for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, and for distribution and possession of a Schedule IV controlled substance with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(2).  See ECF No. 1; see also ECF Nos. 39, 46 ("Judgment"); Mot. at 2.  Pursuant to a cooperation agreement

1

reached between Lasquite and the Government, Lasquite pleaded guilty on September 4, 2013. Mot. at 2-3. According to a 5K letter submitted by the Government, Lasquite provided substantial assistance, resulting in the filing of charges against seven individuals. Id. at 3, 8-9. On August 5, 2014, this Court sentenced Lasquite to time served, with no period of supervised release, and a special assessment of $200. See Judgment at 2-4; ECF No. 48 ("Sentencing Transcript").

Lasquite is a U.S. permanent resident and has lived in the United States since at least 2002. Mot. at 1. Lasquite alleges that before he entered his guilty plea, his former counsel, Richard Ma, (i) failed to advise him that his conviction would subject him to mandatory deportation and (ii) incorrectly advised him that "after a 10-year period his criminal conviction would not bar him from re-entry into the United States." Id. at 2, 4-5. Beginning in 2023, Lasquite took three trips abroad, the first two of which occurred without incident. Id. at 4. In July 2025, while attempting to return to the U.S. from his most recent trip, the Department of Homeland Security ("DHS") detained Lasquite as inadmissible under Immigration and Nationality Act ("INA") § 212(a)(2)(A)(i)(II) and placed him in removal proceedings based on his prior criminal conviction. ECF No. 50-7 ("Briceno Affirmation") ¶ 4; Mot. at 4-5. INA § 212(a)(2)(A)(i)(II) classifies "any alien convicted of . . . (II) a violation of . .

2

. any law . . . relating to a controlled substance" as "inadmissible."  8 U.S.C. § 1182(a)(2)(A)(i)(II).

Lasquite is currently being held in DHS custody at the Stewart Detention Center in Georgia and is scheduled to be deported on January 8, 2026.  2(B) Letter at 2; Briceno Affirmation ¶ 11.  On December 12, 2025, Lasquite filed this petition.[1]  Lasquite argues that the advice he received regarding the deportation implications of his 2013 plea constituted ineffective assistance of counsel in violation of his Sixth Amendment rights and that, consequently, this Court should vacate his conviction pursuant to 28 U.S.C. § 2255(a) and allow him to replead.  Mot. at 2 (citing Padilla v. Kentucky, 559 US 356 (2010)); see also 2(B) Letter at 2-3.

### Discussion

The sole asserted basis for this Court's jurisdiction is habeas corpus jurisdiction under 28 U.S.C. § 2255(a).  See 2(B) Letter; Mot. at 1.  Section 2255(a) states that:

> (a) A prisoner in custody under sentence of a court established by Act of Congress [and] claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(emphasis added).  "In order to invoke habeas corpus review by a federal court, the petitioner must satisfy the jurisdictional 'in

---

[1]     The Court has not been provided with any information regarding efforts by Lasquite to seek relief from his removal order in the immigration removal proceeding.

3

custody' requirement of 28 U.S.C. § 2255." Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994). "[I]f the . . . movant is not in custody," the Court is "without jurisdiction to entertain a writ of habeas corpus or a § 2255 motion." United States v. Brilliant, 274 F.2d 618, 620 (2d Cir. 1960).

Lasquite was sentenced to "time served" at his sentencing over 11 years ago and has not been incarcerated since. See Judgment at 2. Moreover, petitioner is not currently subject, and never was subject, to conditions of supervised release, another possible way to satisfy the "in custody" requirement. Id. at 1-4; see also Sentencing Transcript at 7:12-13 ("THE COURT: . . . I am not going to impose any term of supervised release."); United States v. Inniss, 746 F. Supp. 3d 10, 19 (E.D.N.Y. 2024) ("Mr. Inniss was 'in custody' within the meaning of Section 2255(a) at the time he filed his motion because he was in ICE detention and under supervised release.") (emphasis added).

It is well-established that in circumstances such as these, where a defendant is neither incarcerated nor serving a term of supervised release, the "in custody" requirement is not satisfied. This is true even if the petitioner is subject to deportation proceedings and/or held in immigration detention based on his prior conviction. See Klass v. United States, No. 11 Crim. 893 (PAC), 2018 WL 1281824, at *1 (S.D.N.Y. Mar. 6, 2018) (denying Section 2255(a) petition because "[petitioner] was subject to a removal

4

proceeding, but such collateral immigration consequences [of a prior conviction] . . . are not sufficient to satisfy the 'in custody' requirement") (citation and internal quotation marks omitted); Guzman v. United States, No. 11 Civ. 2433 (RWS), 2011 WL 6097128, at *3 (S.D.N.Y. Dec. 7, 2011) ("[C]ollateral immigration consequences of a petitioner's conviction are not sufficient to satisfy th[e] 'in custody' jurisdictional requirement."); Adegbuji v. United States, No. 03 Civ. 2667 (RPP), 2003 WL 21961122, at *2-3 (S.D.N.Y. 2003) ("[Petitioner's] current INS incarceration is a collateral consequence of his convictions for the purposes of Section 2255" and is insufficient to satisfy the "in custody" requirement.); Cuevas v. New York, No. 01 Civ. 2550 (RWS), 2002 WL 206985, at *2 (S.D.N.Y. 2002) ("A habeas petitioner who has completed his sentence and was the subject of an INS deportation order cannot attack his underlying state court criminal conviction in a federal habeas corpus proceeding because he was no longer in custody with respect to the expired state conviction."); accord Abimobola v. United States, 369 F. Supp. 2d 249, 252 (E.D.N.Y. 2005) ("[C]ollateral immigration consequences of a petitioner's conviction are not sufficient to satisfy the 'in custody' requirement of Sections 2254 and 2255, even when those consequences include detention by immigration authorities."); Kandiel v. United States, 964 F.2d 794, 796 (8th Cir. 1992) ("Because [petitioner's] sentence was fully expired by the time he filed his Section 2255

motion and the current deportation proceed[ings] against him are merely a collateral consequence of his conviction, he is not 'in custody' for the purposes of Section 2255."); United States v. Diallo, 2024 WL 3179784, at *3 (W.D. Pa. June 25, 2024) ("[A] collateral effect of a conviction (including deportation proceedings), after a sentence on a federal conviction has expired, does not satisfy an 'in custody,' requirement under Section 2255."); Lindsay v. United States, 2024 WL 278359, at *2 (D.S.C. Jan. 25, 2024), appeal dismissed, No. 24-6171, 2025 WL 671482 (4th Cir. Mar. 3, 2025) ("Lindsay is out of custody, and his supervised release was terminated about nine years ago in the federal case in which he filed his petition.  Lindsay is therefore no longer 'in custody' on his federal conviction within the meaning of Section 2255(a), and this Court lacks jurisdiction to entertain the petition.").  Lasquite is not "in custody," as required by Section 2255(a), and therefore this Court lacks jurisdiction to hear his petition on the merits.

## Conclusion

For the preceding reasons, petitioner's motion to vacate his plea and conviction pursuant to 28 U.S.C. § 2255 is dismissed with prejudice.  The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 50, Case No. 14 Cr. 522, and ECF No. 1, Case No. 25 Civ. 10385.

Dated:      December 16, 2025
            New York, New York


                                    _____
                                    NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE