UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
SONNY LASQUITE,

              Petitioner,

       - against -

UNITED STATES OF AMERICA,

              Respondent.
---------------------------------------X

**MEMORANDUM AND ORDER**

25 Civ. 10385 (NRB)
14 Cr. 522 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Petitioner Sonny Lasquite ("Lasquite" or "petitioner") is currently held in immigration detention in Georgia, and faces deportation at a January 8, 2026 removal proceeding before an immigration judge. See ECF No. 3 ("Mot.") at 1, 4. Petitioner seeks a writ of coram nobis under the All Writs Act, 28 U.S.C. § 1651, to vacate his 2013 guilty plea, asserting that his former counsel rendered ineffective assistance by failing to advise him of the immigration consequences of his guilty plea for distribution of a controlled substance. Id. at 1, 7-12. Previously, Lasquite petitioned for habeas corpus relief on the same grounds. See ECF No. 1 (citing 28 U.S.C. § 2255(a)); see also ECF No. 50, United States v. Lasquite, No. 14 Cr. 522 (NRB). On December 16, 2025, the Court denied that motion by Memorandum and Order because petitioner failed to satisfy the jurisdictional "in custody" requirement of Section 2255(a). United States v. Lasquite, No. 14 Cr. 522 (NRB), 25 Civ. 10385 (NRB), 2025 WL 3640156, at *2

1

(S.D.N.Y. Dec. 16, 2025).   Petitioner seeks to vacate his prior controlled substance conviction in the hope that such relief would eliminate the predicate for his removal from the United States.

**BACKGROUND**

Lasquite's interactions with the criminal law of the United States were summarized in our earlier opinion denying him habeas relief:

> Lasquite was indicted on March 5, 2013 for conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, and for distribution and possession of a Schedule IV controlled substance with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(2). [ ] Pursuant to a cooperation agreement reached between Lasquite and the Government, Lasquite pleaded guilty on September 4, 2013.   [ ] According to a 5K letter submitted by the Government, Lasquite provided substantial assistance, resulting in the filing of charges against seven individuals.  [ ] On August 5, 2014, this Court sentenced Lasquite to time served, with no period of supervised release, and a special assessment of $200.  [ ]
>
> Lasquite is a U.S. permanent resident and has lived in the United States since at least 2002. . . . Beginning in 2023, Lasquite took three trips abroad, the first two of which occurred without incident. [ ]  In July 2025, while attempting to return to the U.S. from his most recent trip, the Department of Homeland Security ("DHS") detained Lasquite as inadmissible under Immigration and Nationality Act ("INA") § 212(a)(2)(A)(i)(II) and placed him in removal proceedings based on his prior criminal conviction. [ ] INA § 212(a)(2)(A)(i)(II) classifies "any alien convicted of . . . (II) a violation of . . . any law . . . relating to a controlled substance" as "inadmissible"[ and deportable.]  8 U.S.C. § 1182(a)(2)(A)(i)(II).

Lasquite, 2025 WL 3640156, at *1 (citations omitted).

2

In support of the instant application for coram nobis relief, Lasquite has submitted a three-paragraph affidavit. That affidavit, in relevant part, reads as follows:

> When I was arrested in 2012, my defense attorney, Richard Ma, told me I could not travel and had to stay out of trouble for ten years, as well as abide by US laws. From our brief conversation, I understood I was still eligible for Immigration relief, including becoming a US Citizen, as long as I followed my attorney's advice. At no time did he tell me by pleading guilty to the charges my deportation was mandatory. Based upon Mr. Ma's representations, I pled guilty.
>
> I relied on my counsel's advice, believing that I would not be subject to deportation if I waited 10 years. Relying on that advice, I waited 10 years. Now I am about to be deported because I relied on my attorney's advice.

ECF No. 4 ("Lasquite Aff.") ¶¶ 2-3.

Lasquite's argument is predicated on the Supreme Court's decision in Padilla v. Kentucky, which found that criminal counsel rendered ineffective assistance when he failed to advise his client that a guilty plea would "ma[k]e his deportation virtually mandatory." 559 U.S. 356, 357 (2010).

Although a transcript of Lasquite's September 4, 2013 plea hearing is annexed to the moving papers, there is, remarkably, no discussion of this Court's dialogue with Lasquite on the immigration consequences of his plea. That exchange is reproduced below:

> THE COURT: Mr. La[s]quit[e], what country are you a citizen of?

THE DEFENDANT: Philippines.

THE COURT: And do you understand that in light of your guilty plea that it is very likely that you would be deported from the United States and that such deportation is presumptively mandatory?

THE DEFENDANT: Yes, your Honor.

THE COURT: And have you discussed the immigration consequences of your plea with Mr. Ma?

THE DEFENDANT: Yes, your Honor.

THE COURT: And did you still wish to plead guilty despite those?

THE DEFENDANT: Yes, your Honor.

ECF No. 3-6 ("Plea Hearing Transcript") at 9:8-21.

## DISCUSSION

"A writ of error coram nobis is essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction. Coram nobis . . . is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." Abimobola v. United States, 369 F. Supp. 2d 249, 254 (E.D.N.Y. 2005) (citing United States v. Mandanici, 205 F.3d 519, 524 (2d Cir.2000)); see also United States v. Morgan, 346 U.S. 502 (1954). Before a writ of coram nobis may issue, "petitioner must demonstrate that: (1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting

4

of the writ." Abimobola, 369 F. Supp. 2d at 254. To satisfy the first element, a petitioner must "show a defect in the proceedings that resulted in a 'complete miscarriage of justice.'" Durrani v. United States, 294 F. Supp. 2d 204, 215 (D. Conn. 2003), aff'd, 115 F. App'x 500 (2d Cir. 2004) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).

As noted earlier, in an effort to satisfy the first prong, Lasquite argues he received ineffective assistance of counsel under Padilla. 559 U.S. at 357 (applying Strickland v. Washington, 466 U.S. 668 (1984)); see also Mot. at 7-12. "The Strickland test for ineffective assistance has two necessary components: the defendant must establish both that his attorney was ineffective and that the attorney's errors resulted in prejudice to the defendant." Rosario v. Ercole, 601 F.3d 118, 123 (2d Cir. 2010) (emphasis added); see also Strickland, 466 U.S. at 694 (prejudice means that "but for counsel's unprofessional errors, the result of the proceeding would have been different"). Under the facts of this case, petitioner cannot satisfy the first prong of the coram nobis test because he cannot establish an ineffective assistance claim, as he cannot show prejudice. It is well-established that where, as here, a judge informs the defendant that his guilty plea will result in "virtually mandatory" deportation, Padilla, 559 U.S. at 357, or gives a similar admonition, there is no prejudice, regardless of the content of

5

counsel's advice.[1]  See United States v. Papadakos, 729 F. App'x 41, 46 (2d Cir. 2018), cert. denied sub nom. Zografidis v. United States, 139 S.Ct. 166 (2018) (denying petitioner's application to withdraw his plea because his plea agreement stated deportation was "presumptive mandatory" and the district court informed him that "since you're not a U.S. citizen, you could be subject to deportation," and "you should assume, for purposes of [the plea], you're going to face that kind of proceeding"); Gonzalez v. United States, No. 13 Cr. 823 (ER), 2021 WL 1997560, at *2 (S.D.N.Y. May 19, 2021) (denying Section 2255 application because "the Court informed [petitioner], a citizen of the Dominican Republic and permanent resident of the United States, that there could be adverse immigration consequences a result of his plea, including deportation"); Ottenwarde v. United States, No. 12 Civ. 6537 (JGK), 2013 WL 1242632, at *2 (S.D.N.Y. Mar. 28, 2013) (denying Section 2255 petition because "[t]he Court allocuted Ottenwarde about the immigration consequences of his plea," including "deportation"); Gonzalez v. United States, No. 08 Cr. 146 (AKH), 2010 WL 3465603, at *1 (S.D.N.Y. Sept. 3, 2010) (denying application under Padilla and Strickland because "[even] [a]ssuming that [petitioner's] trial attorney failed to advise him that he could be deported as a result of pleading guilty, that failure was not prejudicial

---

[1]    For this reason, we do not address in any way the substance of Lasquite's affidavit.

6

since, prior to accepting his plea, I advised [petitioner] that he could be deported as a result of his guilty plea"); Quinteros v. United States, 2019 WL 13417400, at *6 (E.D.N.Y. July 24, 2019) (denying petitioner's application for a writ of coram nobis where "the Court . . . explicitly instructed Petitioner . . . of th[e] consequences" and "[t]he transcript of [petitioner's] plea hearing reveals Petitioner was aware of his impending deportation upon pleading guilty"); United States v. Nataniel, 2019 WL 653137, at *6 (E.D.N.Y. Feb. 13, 2019) (rejecting an ineffective assistance claim where "[the district court] advised Petitioner at his plea hearing that there could be immigration consequences for his guilty plea," and explaining that "[s]uch statements weigh heavily against any claim that Petitioner did not understand the deportation consequences of his guilty plea"); Gervais v. United States, 2008 WL 1994944, at *5 (E.D.N.Y. May 5, 2008) (rejecting an ineffective assistance of counsel claim because "[t]he record is abundantly clear that [petitioner] was informed by . . . the court during the plea allocution . . . that he will be deported from the United States because of his guilty plea"); accord United States v. Fazio, 795 F.3d 421, 427 (3d Cir. 2015) (holding that "we need not reach the issue of whether [petitioner's] plea counsel's advice constituted deficient performance under Strickland" because "[a]ny error in that advice was remedied by the District Court's in-depth colloquy"); United States v. Cruz-

Veloz, 2010 WL 2925048, at *1 (D.N.J. July 19, 2010) ("Since Petitioner was informed of deportation consequences by the Court, [he] was not prejudiced by any ineffective assistance of counsel.").

The Court's allocution placed Lasquite on notice that his deportation was mandatory. See Plea Hearing Transcript at 9:8-21. Having been so advised, petitioner chose to plead guilty anyway and obtain the hoped-for benefits of his cooperation agreement. See United States v. Estrada-Perez, 2011 WL 2965249, at *3 (D. Minn. July 22, 2011) (finding, inter alia, that "this is not one of the extraordinary cases that compel use of coram nobis: [petitioner] is subject to deportation based on her conviction for an offense 'relating to a controlled substance,'" and pleaded guilty "in exchange for a probationary sentence"). Under these circumstances, petitioner suffered no prejudice from his former counsel's representations and therefore cannot establish "circumstances compelling" the writ.[2]

## CONCLUSION

For the preceding reasons, the Court declines to issue a writ of error coram nobis. Petitioner's motion is denied in its

---

[2]    The Court need not reach the other two elements of the coram nobis test because it is evident that the first element is not satisfied. See Abimobola, 369 F. Supp. 2d at 254.

8

entirety.    The  Clerk  of  Court  is  respectfully  directed  to terminate the motion pending at ECF No. 3.


Dated:    January 5, 2026
          New York, New York

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE